UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| NICOLE DORSEY,<br>　　Plaintiff | § § § | |
| vs. | § § | CIVIL ACTION NO. 3:09-cv-277 |
| MIDLAND CREDIT MANAGEMENT, INC.,<br>　　Defendant | § § § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Nicole Dorsey, Plaintiff in the above-numbered and styled case, complaining of and against Midland Credit Management, Inc. and for cause of action would respectfully state the following:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).  Venue in this District is proper in that the Defendant transacts business here and/or the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, Nicole Dorsey, is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692(a)(3).  Plaintiff resides at Lake Jackson, Brazoria County, Texas.

4. Defendant Midland Credit Management, Inc., is a foreign corporation engaged in the business of collecting debts in this state with its principal place of business located at 8875 Aero Drive, Suite 200, San Diego, California 92123.  Defendant Midland Credit Management, Inc., does not have a registered agent in Texas and may be served with process through its statutory agent for service, the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701.

5.  The principal purpose of Midland Credit Management, Inc., is the collection of debts using the telephone and mail, and the defendant regularly attempts to collect debts alleged to be due another.

6. Defendant Midland Credit Management, Inc., is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## IV.  FACTUAL ALLEGATIONS

7.   On or about August, 2009, Plaintiff, Nicole Dorsey, learned that Defendant listed at least two distinct tradelines on her consumer credit bureau report issued by Experian and TransUnion.  Each of the accounts relates to a purported credit account used for personal, family or household purposes.

8.  One tradeline lists that Defendant is collecting on an account that originated with HSBC Card Services, Inc.

9.  Another tradeline lists that Defendant is collecting on an account that originated with AT&T Wireless.

10.   On or before September, 2009, Plaintiff began receiving telephone calls from Defendant in it attempt to collect the two accounts [hereinafter "debts."]  Several calls were made to Plaintiff's cellular phone during her hours at work.

11.  On or about September 29, 2009, Plaintiff sent a letter to Defendant disputing the two tradelines.  In her letter, Plaintiff requested that Defendant cease its telephone

communications with Plaintiff stating that "phones are inconvenient for me and calls at work are not allowed...."

12. On or about October 1, 2009, Defendant signed for Plaintiff's letter which was sent certified mail return-receipt requested via United States Postal Service.

13. On or about October 3, 2009, Defendant called Plaintiff to her cellular phone.

14. On or about October 4, 2009, Defendant called Plaintiff to her cellular phone once again.

15. Plaintiff informed Defendant's collector that she had sent Defendant a letter requesting that Defendant cease its telephone communications with her.

16. Defendant acknowledged receipt of Plaintiff's letter. Nevertheless, Defendant's collector informed Plaintiff that it was Plaintiff's obligation to work out a payment with Defendant to satisfy the debts.

17. To date, Plaintiff never received any written notice from Defendant advising her of her right to request validation of the debts.

18. As a result of Defendant's debt collection tactics, Plaintiff has suffered frustration, anger and emotional distress.

## V. CLAIM FOR RELIEF UNDER FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff incorporates paragraphs 1-18 above.

20. Defendant violated the FDCPA by contacting the Plaintiff in connection with the collection of a debt via telephone when the Defendant knew that the Plaintiff telephone calls are inconvenient for Plaintiff in violation of 15 U.S.C. § 1692c(a).

21. Defendant violated the FDCPA by using unfair practices against Plaintiff in violation of 15 U.S.C. § 1692f.

22. Defendant violated the FDCPA by continuously calling Plaintiff with the intent to annoy and harass her in violation of 15 U.S.C. § 1692d.

23. Defendant violated the FDCPA by failing to provide notice to Plaintiff of her right to request validation in violation of 15 U.S.C. § 1692g.

24. Defendant violated the FDCPA by failing to provide written notice to Plaintiff within five days of its initial telephone communication in violation of 15 U.S.C. § 1692g(a).

25. As a result of these violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

## VI.  JURY DEMAND

26. Plaintiff demands a jury trial.

## VII.  PRAYER

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B.  Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), including fees in the event of appeal;

D.  Such other and further relief as may be just and proper.

Respectfully submitted,

 /s/ Dana Karni_____
DANA KARNI
KARNI LAW FIRM, P.C.
State Bar No. 24044379
S.D. Texas Bar No. 592484
4635 Southwest Freeway, Suite 610
Houston, Texas 77027
Telephone:   (713) 552-0008
Facsimile:    (713) 454-7247
DKarni@TexasConsumerDebt.com

ATTORNEY FOR PLAINTIFF